## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### GREGORY AND WIFE v. GATES AND ALS.

#### DECEMBER 17th, 1885.

EQUITABLE JURISDICTION AND RELIEF—*Case at bar.*—Testator, by his will, directed his estate to be kept together and managed by his executors for the common good of his wife and children; but authorized them to sell any part, except "Seguine," the homestead, if they deem it best.    One-third of "Seguine," belonged to his three children, by his first wife, which they claimed, and it was allowed them, after testator's death.    Dower was assigned his widow out of "Seguine."    The residue of "Seguine" was cultivated by the three children.    Afterwards "Seguine" was sold under decree of court, and purchased by the three, who, later, filed their petition for one-third of the rents and profits from testator's death to the date of their purchase, to be applied as a credit on their purchase.    A master having been directed to take an account, took much evidence, and, after great delay, filed a report adverse to their claims. Exceptions were filed to it, and their counsel was heard at large. But the court confirmed the report, dismissed the petition, and ordered a resale of the land, unless, in sixty days, they paid the balance due the widow and her two children.    On appeal—

HELD :

There is no cause to reverse the decree complained of.

Appeal from decree of circuit court of Chesterfield county, rendered 21st December, 1882, dismissing the petition of J. M. Gregory and Lillie W., his wife, John C. Goode and Blanche C., his wife, and Judith F. Winfree, which was filed in the chancery causes of *Gates* v. *Gates and als.* and *Gregory* v. *Gates.*    From this decree Gregory and wife obtained an appeal and *supersedeas* from one of the judges of this court.

This case is sequel to the case of *Gregory and als.* v. *Gates and als.*, 30 Gratt. 83.

Opinion states the case.

*B. A. Hancock* and *B. H. Nash*, for the appellants.

*Guy & Gilliam* and *F. M. Conner*, for the appellees.

HINTON, J., delivered the opinion of the court.

This is a clear case for affirmance.   As the record shows, on the first day of January, 1869, William Beverley Gates, of the county of Chesterfield, died, leaving his wife, the second Mrs. Gates, and five children surviving him.   Of these children, three, viz.: Lillie W. (now Mrs. Gregory), Blanche C. (now Mrs. Goode), and Judith F. (now Mrs. Winfree), are the issue of the first marriage.   By his will he provided, amongst other things, that his executors, if they believed it would be to the interest of his wife and children, should sell any of the real and personal estate, except the homestead, known as Seguine, and the mill and appurtenances thereto attached.

The Seguine tract of land consisted of 955 acres, two-thirds of which belonged to the testator in fee, and the other third belonged to his first wife, and at her death, in 1861, passed to her children, subject to the curtesy of their father.   After the death of their father these children claimed this undivided third, and in a suit on the former appeal in this suit—for which see 30 Gratt. 84—this court reversed the decree of the circuit court of Chesterfield, in so far as it declared that the testator, William B. Gates, disposed of the farm known as Seguine by his will, and thereby put his children—Blanche C., Lillie W., and Judith F. Gates, to an election—either to confirm the will as to one-third of Seguine or to claim against the will, but affirmed it in all other respects.   In October, 1878, and after

this decree of the Supreme Court of Appeals had been ren-
dered, these three children, the issue of the first marriage,
filed their petition in this cause, asserting a right to the rents
and profits on this one-third of Seguine, owned by them from
the death of their father, in 1869, until their purchase of that
farm, on the 20th of September, 1878, whereupon such pro-
ceedings were had that a final decree dismissing this petition
was rendered on the 21st day of December, 1882. Now it
seems to the court, without stopping to enquire whether or not
this question is not concluded by the former decree of this
court, that there is no evidence which would justify us in
reversing the decree of the circuit court. It would involve a
useless consumption of time to undertake to review the testi-
mony, and it seems to us that all that need be said is that the
evidence fails to show that there were any such rents or profits
which went to the widow or her children. The probabilities
are that both Gregory and Goode, as they are shown by the
evidence to have been attending to the renting and cultivation
of that part of Seguine outside of the portion which was
assigned to the widow as dower, either received their full
shares of whatever rents and profits there were, or have them-
selves alone to blame for their failure to realize them. And
certain it is that if there is any balance due for the use of the
land by any persons other than Goode and Gregory it must
be by the executor, and as to him the commissioner reports
that it does not appear by his accounts that anything was
due by him not accounted for to the court, and there certainly
is no evidence which shows any liability upon him. The
answers to the other objections made to the decree of the cir-
cuit court are patent upon the face of the record, and need not
therefore be noticed.

The decree appealed from seems to us plainly right, and must
be affirmed.

DECREE AFFIRMED.